UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**SONATE CORPORATION,**

      **Plaintiff,**

v.                                                                                    Case No: 6:22-cv-812-WWB-EJK

**DUNKIN' BRANDS GROUP,
INC., DUNKIN' BRANDS, INC.,
and BEYOND MEAT, INC.,**

      **Defendants.**

## REPORT AND RECOMMENDATION

This cause comes before the Court on the following Motions:

- Defendants Dunkin' Brands Group, Inc.'s and Dunkin' Brands Inc.'s Motion to Transfer Venue (Doc. 36); and

- Defendant Beyond Meat's Motion to Transfer Venue (Doc. 55) (the "Motions").

Plaintiff Sonate Corporation, d/b/a Vegadelphia Foods, responded in opposition. (Docs. 48, 62.) Upon consideration, I respectfully recommend that the Motions be granted.

### I.  BACKGROUND

Plaintiff instituted this action against Defendants in the Middle District of Florida, Orlando Division, on April 28, 2022. (Doc. 1.) Plaintiff alleges trademark infringement and seeks injunctive and other relief against Defendants. (*Id.*) Plaintiff

manufactures plant-based food products under the slogan "WHERE GREAT TASTE IS PLANT-BASED." (Doc. 1 at 1–2.) Plaintiff accuses Defendants of infringing its trademarked slogan in a nationwide marketing campaign utilizing the phrase "Great Taste, Plant Based" for its meat-substitute breakfast sandwich (*Id.*)

On May 9, 2020, the Court *sua sponte* dismissed the case without prejudice for filing "an impermissible shotgun pleading." (Doc. 10.) On May 17, 2022, Plaintiff filed its Amended Complaint against Defendants. (Doc. 17.) Defendants filed their respective Answers on June 24, 2022. (Docs. 35, 39.)

In the Amended Complaint, Plaintiff asserts that venue in the Middle District of Florida is proper pursuant to 18 U.S.C. § 1391(b) and § 1391(c). In Defendants' instant Motions to Transfer (Docs. 36, 55), Defendants argue that the District of Massachusetts, not the Middle District of Florida, is better suited for this action because the District of Massachusetts "has substantial connections to key witnesses and sources of evidence bearing on this case and provides a more convenient forum for the parties to litigate this case." (Doc. 36 at 3.)

II. **STANDARD**

Title 28, United States Code, Section 1404(a) provides that "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). When applying this statute, courts undertake a two-step analysis. *Eye Care Int'l, Inc. v. Underhill*, 119 F. Supp. 1313, 1318 (M.D. Fla. 2003). First, the court must determine

whether the case might have been filed in the proposed district. *Epler v. Air Methods Corp.*, No. 6:21-cv-461-PGB-DCI, 2021 WL 2806207, at *2 (M.D. Fla. June 4, 2021); *see also Tingley Sys. Inc. v. Bay State HMO Mgmt.*, 833 F. Supp. 882, 835 (M.D. Fla. 1993). Second, the court should evaluate several factors, including:

> 1) the convenience of the witnesses; 2) the location of relevant documents and the ease of access to sources of proof; 3) the convenience of the parties; 4) the locus of operative facts; 5) the availability of process to compel unwilling witnesses; 6) the relative means of the parties; 7) a forum's familiarity with the governing law; 8) the weight accorded a plaintiff's choice of forum; and 9) trial efficiency and the interests of justice, based on the totality of the circumstances.

*Manuel v. Convergys Corp.*, 430 F.3d 1132, 1135 n.1 (11th Cir. 2005). A court will not disturb a plaintiff's choice of venue unless the movant can demonstrate that the choice is outweighed by other considerations. *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988). Therefore, the movant carries the burden of establishing that the case should be transferred to the suggested venue in the interest of convenience and justice. *See In re Ricoh Corp.*, 870 F.2d 570, 573 (11th Cir. 1989); *Allied Specialty Ins. Inc. v. Ohio Water Parks, Inc.*, 699 F. Supp. 878, 882 (M.D. Fla. 1988); *Garay v. BRK Electronics*, 755 F. Supp. 1010 (M.D. Fla. 1991). Ultimately, the decision to transfer venue lies with the discretion of the district court. *Pinson v. Rumsfeld*, 192 Fed. App'x 811, 817 (11th Cir. 2006).

### III. DISCUSSION

#### a. The Transferee Forum

As a threshold matter, the undersigned finds that this case originally could have been brought in the United States District Court for the District of Massachusetts. "An action might have been brought in a proposed transferee court if: (1) the court has jurisdiction over the subject matter of the action; (2) venue is proper there; and (3) the defendant is amenable to process issuing out of the transferee court." *Soumen Colorize Oy v. DISH Network, LLC*, 801 F. Supp. 2d 1334, 1337 (M.D. Fla. 2011). Plaintiff's cause of action arises out of the federal Lanham Act, 15 U.S.C. § 1051; therefore, like the Middle District of Florida, the District of Massachusetts has federal-question jurisdiction over this action pursuant to 28 U.S.C. § 1331. Moreover, Defendants are clearly amenable to process issuing out of the District of Massachusetts, as evidenced by the instant Motions (Docs. 36, 55). Thus, the remaining factor is whether venue is proper in the District of Massachusetts.

Pursuant to 28 U.S.C. § 1391(b), venue is proper in:

> (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . , or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought."

28 U.S.C. § 1391(b). While Defendants do not all reside in the State of Massachusetts, the undersigned is persuaded that venue is proper given that Defendants' marketing efforts alleged in the Complaint are a substantial part of the infringing conduct, and

those efforts were discussed, planned, and carried out in Massachusetts. (Doc. 36-1¶ 7–9.)  The Court finds this sufficient to satisfy § 1391(b)(2). Thus, this action could have been brought in the District of Massachusetts.

### b. Public and Private Interest Factors

Having determined that this action could have been filed in the District of Massachusetts, the undersigned will now address whether the case should be litigated in the District of Massachusetts.

### 1. Plaintiff's Choice of Forum

When considering a § 1404(a) motion to transfer, there is strong deference to plaintiff's initial choice of forum. *Soumen Colorize Oy*, 801 F. Supp. 2d at 1338. The Eleventh Circuit has stated that "[t]he plaintiff's choice of forum should not be disturbed unless it is clearly outweighed by other considerations." *Robinson v. Giarmarco & Bill, P.C.*, 74 F.3d 253, 260 (11th Cir. 1996). However, "where a plaintiff has chosen a forum that is not its home forum, only minimal deference is required, and it is considerably easier to satisfy the burden of showing that other considerations make transfer proper." *Cellularvision Tech. & Telecomm., L.P. v. Alltel Corp.*, 508 F. Supp. 2d 1186, 1189 (S.D. Fla. 2007). In intellectual property infringement suits, which "often focus on the activities of the alleged infringer, its employees, and its document . . . , the location of the alleged infringer's principal place of business is often the critical and controlling consideration in adjudicating transfer of venue motions." *Trace-Wilco, Inc. v. Symantec Corp.*, No. 08-80877-CIV-MARRA-JOHNSON, 2009 WL 455432, at

\*2–3 (S.D. Fla. Feb. 23, 2009) (citing *Amini Innovation Corp. v. Bank & Estate Liquidators, Inc.*, 512 F. Supp. 1039, 1044 (S.D. Tex. 2007) (internal citations omitted)). In fact, when deciding on a motion to transfer venue, courts have placed a greater emphasis on "where the marketing and sales decisions occurred, not just the location of any particular sales activity." *Techshell, Inc. v. Incase Designs Corp.*, No. 3:11cv165-MCR/CJK, 2011 WL 13118039, at \*8 (N.D. Fla. Sept. 7, 2011).

In the present case, Plaintiff is a corporation organized under the laws of Pennsylvania, and Plaintiff's principal place of business is in Philadelphia. The Middle District of Florida is not Plaintiff's home forum; therefore, Plaintiff is not entitled to the presumption in favor of Plaintiff's choice of forum in this case. *See Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 507 (1947). Given that the research, development, and marketing decisions for Defendants' alleged infringement took place in Defendant Dunkin' Brand Group, Inc.'s headquarters in Canton, Massachusetts (Doc. 36-1), the undersigned finds that this first factor favors transfer.

## 2. Convenience of the Parties

As noted, Florida is not the home forum for any party. Therefore, the parties will be required to travel great distances to try this case in Florida. Alternatively, if this case is tried in Massachusetts, Dunkin' will be able to litigate this action in the venue in which it has its principal place of business. Defendant Beyond Meat, Inc., while based in California, will benefit, as its corporate partner and co-defendants are based in Boston. (Doc. 55 at 16.) Plaintiff, while also required to travel, will travel from Pennsylvania to Boston, rather than to Florida. Thus, the second factor also weighs in

favor of transfer.

### 3. Convenience of the Witnesses

"Convenience of the witnesses is given more weight [than convenience of the parties] when considering transfer of venue." *Cent. Money Mortg. Co. v. Holman*, 122 F. Supp. 2d 1345, 1346 (M.D. Fla. 2000). Defendants, as the party seeking transfer, must specify key witnesses to be called and particularly state the importance of their testimony. *Classic Soft Trim, Inc. v. Albert*, No: 6:18-cv-1237-Orl-78GJK, 2020 WL 6734402, at *24 (M.D. Fla. 2020) (citing *Mason v. Smithkline Beecham Clinical Labs.*, 146 F. Supp. 2d 1355, 1361 (S.D. Fla. 2001)). The court will then consider the number of potential witnesses, coupled with the substance and significance of their testimony. *See Mason*, 146 F. Supp. 2d at 1362.

The issues relating to Defendants' alleged infringement require an analysis of facts, documents, and testimony relating to the development, design, and marketing of Defendants' product. In support of the Motions, Defendants specified that the group of people responsible for the alleged infringement and associated product is comprised of approximately twenty-seven individuals from various teams, including brand marketing, communications, product research and development, and more. (Doc. 36-1 at 3.) At the time of development, the members of this team were based out of the Dunkin' Brand headquarters in Canton, Massachusetts. *Id.* A majority of these individuals continue to reside in the Boston vicinity. *Id*. However, Defendants do not contend that any of its employee witnesses would be unwilling to testify in the Middle

District of Florida and that compulsory process would be required. *See J.I. Kislak Mortg. Corp. v. Connecticut Bank and Trust Co., N.A.*, 604 F. Supp. 346, 348 (S.D. Fla. 1985) (when the moving party fails to show its employees would be unwilling to testify, this factor does not weigh strongly in favor of moving party). Plaintiff asserts that the Middle District of Florida would be most convenient for its consumer confusion witnesses. (Doc. 48 at 10–11.) Nevertheless, the operative facts in this intellectual property case appear to derive primarily from activity based in the District of Massachusetts, not the Middle District of Florida. *See Techshell, Inc.*, 2011 WL 13118039, at *8. Accordingly, this factor weighs in favor of Defendants.

### 4. Location of Documents

In intellectual property litigation, "the most relevant witnesses, documents, and other evidence are typically found at the alleged infringer's principal place of business. *Ultra Prods. v. Antec, Inc.*, No. 6:08-cv-503-Orl-35-DAB, 2009 U.S. Dist. LEXIS 97498, at *29 (M.D. Fla. Aug. 27, 2009). In order to sufficiently consider this factor, a court must "determine whether the pieces of the evidence cited by the parties are critical, or even relevant, to the plaintiff's cause of action and to any potential defenses to the action." *Trace-Wilson, Inc.*, 2009 WL 455432, at *4 (internal marks omitted). Defendants assert that its research, development, and marketing originated in its Massachusetts headquarters. However, as Plaintiff notes, current methods of electronic discovery allow the parties to "[expediate] transfer of information, assembly, and production of necessary information." (Doc. 12.) Thus, while the factor weights in favor of Defendants, the undersigned does not accord it great weight.

### 5. Trial Efficiency and Expense to the Justice System

The final factor requires the court to consider the factors of "trial efficiency and the interests of justice, based on the totality of circumstances." *Manuel v. Convergys Corp.*, 430 F.3d 1132, 1135 n.1 (11th Cir. 2005). "Courts will consider such things as the relative interests of the two forum states in the litigation, relative hardship of the parties, and questions of the judicial economy." *Suomen Colorize Oy*, 801 F. Supp. 2d at 1339 (M.D. Fla. 2011); *Freeman v. Comerica Bank & Trust, N.A.*, No. 3:12-cv345/MCR/EMT, 2013 WL 12253550, at *4 (N.D. Fla. July 1, 2013).

Both Florida and Massachusetts have a vested interest in protecting their residents from consumer confusion and alleged trademark infringement. Moreover, both parties are corporations, and neither has argued that it would be financially burdensome to try this case in either forum; therefore, the undersigned finds that no hardship will inure to either party from a transfer to Massachusetts. Additionally, both the Middle District of Florida and the District of Massachusetts are equally competent to address the federal claims at issue pursuant to the Lanham Act. Notably, however, courts consider administrative difficulties resulting from court congestion. *See Trace-Wilco, Inc.*, 2009 WL 455432, at *9 (noting court congestion as a public factor). As of March 31, 2022, the Middle District of Florida had significantly more pending cases and filings, with 551 pending cases and 660 pending filings, compared to the District of Massachusetts, with 340 cases and 239 filings.[1] Such docket conditions, while only

---

[1] *See Administrative Office of the United States Courts, U.S. District Courts – Combined Civil*

a minor consideration, are relevant and would support a transfer of venue. *See Trace-Wilco, Inc.*, 2009 WL 455432, at *10 (citing *GTE Wireless, Inc. v. Qualcomm, Inc.*, 71 F. Supp. 2d 517, 520 (E.D. Va. 1999)).

## IV.   RECOMMENDATION

On balance, the undersigned finds that the factors discussed above favor transfer and outweigh the Plaintiff's choice of forum. Accordingly, I **RESPECTFULLY RECOMMEND** that the Defendants' Motions to Transfer (Docs. 36, 55) be **GRANTED**.

### NOTICE TO PARTIES

The party has fourteen days from the date the party is served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written objections. 28 U.S.C. § 636(b)(1)(C). A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1).

---

*and Criminal Federal Court Management Statistics* (March 31, 2022), https://www.uscourts.gov/statistics/table/na/federal-court-managementstatistics/2022/03/31-1 (last visited January 19, 2023).

Recommended in Orlando, Florida on January 30, 2023.

_____
EMBRY J. KIDD
UNITED STATES MAGISTRATE JUDGE