## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

**SONATE CORPORATION,**

       **Plaintiff,**

**v.**                              **Case No: 6:22-cv-812-WWB-EJK**

**DUNKIN' BRANDS GROUP,**
**INC., DUNKIN' BRANDS, INC.,**
**and BEYOND MEAT, INC.,**

       **Defendants.**

### ORDER

This cause comes before the Court on Defendants' Motion to Stay Discovery Pending Final Ruling on Motions to Transfer and Disqualify (the "Motion"), filed February 10, 2023. (Doc. 69.) Plaintiff has responded in opposition. (Doc. 74.) Upon consideration, the Motion is due to be denied.

Pending before this Court are Defendants' Motions to Transfer Venue (Docs. 36, 55), which the undersigned has recommended granting. (Doc. 66.) In light of the undersigned's recommendation, the instant Motion was filed to stay discovery while the Motions to Transfer Venue are pending with the District Court. (Doc. 69.)

The Court has the inherent power to control its docket and manage its cases, including by staying discovery. *Perez v. Miami-Dade Cty.*, 297 F.3d 1255, 1263 (11th Cir. 2002). The party seeking to stay discovery has "the burden of showing good cause and reasonableness." *McCabe v. Foley*, 233 F.R.D. 683, 687 (M.D. Fla. 2006). "'In

deciding whether to stay discovery pending resolution of a pending motion, the Court inevitably must balance the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery.'" *Holsapple v. Strong Indus., Inc.*, No. 2:12-cv-355-UA-SPC, 2012 WL 3946792, at *1 (M.D. Fla. Sept. 10, 2012) (quoting *Panola Land Buyers Ass'n v. Shuman*, 762 F.2d 1550 (11th Cir. 1985)). This District has typically found that motions to stay discovery are disfavored as they "can create case management problems which impede the Court's responsibility to expedite discovery and cause unnecessary litigation expenses and problems." *Feldman v. Flood*, 176 F.R.D. 651, 651 (M.D. Fla. 1997). Accordingly, a stay pending resolution of a motion is rarely appropriate unless the resolution of the motion would dispose of the discovery altogether. *Id.*

Defendants have not convinced the Court that the adoption of the undersigned's Report and Recommendation granting the Motions to Transfer Venue would eliminate the need for discovery in this case. *See Fed. Deposit Ins. Co. v. Nason Yeager Gerson White & Lioce, P.A.*, No. 2:13-cv-208-FtM-38UAM, 2013 WL 12204333, at *1 (M.D. Fla. July 3, 2013) (denying motion to stay discovery during pendency of motion to transfer). This is particularly so because, if the presiding District Judge adopts the undersigned's Report and Recommendation, this matter would not end, but would simply proceed in the District of Massachusetts. Accordingly, Defendants have not shown good cause to stay discovery in this matter.

As such, it is **ORDERED** that Defendants' Motion to Stay Discovery Pending

Final Ruling on Motions to Transfer and Disqualify (Doc. 69) is **DENIED**.

    **DONE** and **ORDERED** in Orlando, Florida on March 7, 2023.

                    EMBRY J. KIDD
               UNITED STATES MAGISTRATE JUDGE