UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SONATE CORPORATION, d/b/a VEGADELPHIA FOODS, <br><br> Plaintiff, <br><br> v. <br><br> BEYOND MEAT, INC., a Delaware Corporation, <br><br> Defendant. | * <br> * <br> * <br> * <br> * <br> * <br> * Civil Action No. 1:23-cv-10690-IT <br> * <br> * <br> * <br> * <br> * |

MEMORANDUM & ORDER

May 23, 2025

TALWANI, D.J.

Plaintiff Sonate Corporation, d/b/a Vegadelphia Foods ("Vegadelphia") seeks to compel production of three documents identified in a report prepared by Defendant Beyond Meat, Inc.'s ("Beyond") expert John Plumpe. For the reasons stated below, Vegadelphia's Motion to Compel [Doc. No. 164] is DENIED.

## I. Discussion

Vegadelphia argues that the three documents contain "admission[s] by Beyond's own counsel," Pl.'s Mem. ISO Mot. to Compel ("Pl.'s Mem.") at 13 [Doc. No. 166], and must be disclosed under Federal Rule of Civil Procedure ("Rule") 26(a)(2)(B) and (b)(4) as facts and data considered by Plumpe in forming his opinion. Vegadelphia contends that Beyond waived any claim of privilege; and, in the alternative, that Vegadelphia has a substantial need for the documents pursuant to Rule 26(b)(3)(A).

### A.  Attorney-Client Privilege

Permissible discovery under Rule 26 is limited to nonprivileged matters. Fed. R. Civ. P. 26(b)(1). Vegadelphia "does not dispute the documents were initially attorney-client

communications," but contends that Beyond has waived any claim to privilege by "having affirmatively given them to their expert[.]" Pl.'s Mem. at 1 [Doc. No. 166]; id. at 8 (citing, inter alia, Duane v. Vermont Mut. Ins. Co., 2019 WL 943538, at *4 (D. Mass. Jan. 25, 2019), report and recommendation adopted, 2019 WL 931969 (D. Mass. Feb. 26, 2019) ("the provision of materials to a testifying expert witness may result in the waiver of attorney-client and attorney work product privilege for those materials")).

Beyond asserts that the disclosure to its expert was inadvertent, and "it would be improper for the court to consider the inadvertently produced, clawed-back material" here. Def.'s Opp. at 3–4 [Doc. No. 167].

Although the attorney-client privilege may be destroyed by implied waiver through disclosures to third parties, "courts should be cautious about finding implied waivers." In re Keeper of Recs. (Grand Jury Subpoena Addressed to XYZ Corp.), 348 F.3d 16, 23 (1st Cir. 2003). The required "evaluat[ion] in light of principles of logic and fairness . . . demands a fastidious sifting of the facts and a careful weighing of the circumstances." Id. Accordingly, the court considers the record here.

The three documents at issue were internal email communications produced to Vegadelphia in March 2024 with the Bates numbers BM0010083, BM0010117, and BM0014914. See Decl. of Ben Wagner ISO Mot. to Compel ("Wagner Decl.") ¶¶ 4, 12 [Doc. No. 164-2]. Because the documents "appeared to be subject to a potential privilege claim[,]" Vegadelphia alerted Beyond to request clarification as to whether the documents were inadvertently produced. Id. ¶ 5. Beyond formally clawed back those documents and asked Vegadelphia's counsel to confirm that all copies of it were destroyed, which Vegadelphia's

counsel did. Decl. of Matthew L. Seror ISO Opp. ("Seror Decl.") ¶ 12 [Doc. No. 167-2].[1] Beyond then produced redacted versions of the same documents with new Bates numbers: BM0024071, BM0024096, and BM0024147, respectively. Id. ¶ 13. As explained by Beyond's counsel, Beyond's discovery platform uses a unique control number to refer to the underlying document (e.g., REL0000005568), even though it may have multiple Bates numbers associated with it due to multiple productions (e.g., BM0010083 and BM0024071). Id. ¶¶ 6, 14. When later selecting these documents from the discovery platform to produce to Plumpe, Beyond's counsel viewed and intended to produce the redacted versions provided to Vegadelphia (BM0024071, BM0024096, and BM0024147). Id. ¶¶ 20–21. However, by counsel tagging the documents in the discovery platform by their control numbers rather than their Bates stamps, the platform produced the clawed-back versions (BM0010083, BM0010117, and BM0014914) rather than the redacted versions. Id. ¶¶ 4–7, 14–22.

Based on these facts and circumstances, the court finds that the documents' disclosure to Plumpe was inadvertent and did not constitute an implied waiver of attorney-client privilege.

### B.    Facts or Data Considered by Plumpe

Although parties generally are not required to disclose "documents and tangible things that are prepared in anticipation of litigation . . . by or for a party or a party's representative[,]" Fed. R. Civ. P. 26(b)(3)(A), an expert is required to disclose "the facts or data considered by [him] in forming [his opinions,]" Fed. R. Civ. P. 26(a)(2)(B)(ii), including communications between a party's attorney and an expert that "identify facts or data that the party's attorney

---

[1] The Stipulated Protective Order in this case provides that if privileged material is "inadvertently or unintentionally produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any such privilege[.]" Stipulated Protective Order ¶ 21 [Doc. No. 99].

3

provided <u>and that the expert considered</u> in forming the opinions to be expressed[,]" Fed. R. Civ. P. 26(b)(4)(C)(ii) (emphasis added).[2]

No First Circuit authority has addressed what "considered" means in this context, but courts in this district have construed it to encompass "all materials that an expert creates, <u>reviews, reads, or uses</u> in connection with formulating an opinion, even if the expert does not utilize information from the materials." <u>Clark v. Edison</u>, 2010 WL 3245428, at *3 (D. Mass. Aug. 16, 2010) (emphasis added).

Plumpe's Expert Report contains a "List of Documents Considered," with the last page listing documents under the subheading "Documents Produced in the Proceedings." Decl. of John G. Plumpe ("Plumpe Decl.") ¶¶ 5–6 [Doc. No. 167-1].[3] Plumpe, in a sworn declaration, explains that his firm stored all litigation documents provided by counsel in a folder on the firm's computer system and then used an automated software process to add the Bates number associated with each file in the folder to the end of Plumpe's report. <u>Id.</u> Plumpe's firm uses this automated process regardless of whether Plumpe has actually read the document. <u>Id.</u> ¶ 6. Plumpe attests "with certainty that [he] did not read the redacted or unredacted versions of the [three documents at issue], as of the date of [his] report." <u>Id.</u> ¶ 3. In the over 400 footnotes throughout his report, he cites the specific materials he relied on in developing the opinions in his report, and none of those footnotes cites to the documents at issue here. <u>Id.</u> ¶ 6.

---

[2] It is unclear if Vegadelphia is implying the attorney-client communications contained in the emails were converted to work product once the emails were given to Plumpe or conflating the work product and attorney-client privilege in its discussion of Rule 26(b)(4). <u>See</u> Pl.'s Mem. at 5, 6 [Doc. No. 166].

[3] The documents under this subheading are listed according to the "document identifier" for each document, which is the "Bates Number associated with" it. <u>Id.</u> ¶ 5.

Vegadelphia cites one somewhat analogous case.[4] In <u>Trustees of Bos. Univ. v. Everlight Elecs. Co.</u>, 2015 WL 13679784 (D. Mass. Oct. 20, 2015), the court considered whether certain documents, which contained testing data and were protected under the work product doctrine, had been considered by an expert so as to require disclosure under Rule 26(b)(4)(C)(ii). <u>Id.</u> at *3–4. The court noted that "the caselaw is not uniform regarding what constitutes consideration by an expert[,]" and "agree[d] with those courts that have found that the expert must have at <u>least read or reviewed</u> a document to trigger the disclosure requirement." <u>Id.</u> at *4 (emphasis added). Although the expert attested that she had received the two documents at issue, "that she does not recall ever opening one" of them, and "that she opened the other document but did not bother to read it or understand it because she was not familiar with it[,]" the court found that she had considered the documents and ordered the documents produced pursuant to Rule 26. <u>Id.</u>

There are, however, two key distinctions. First, in <u>Trustees of Bos. Univ.</u>, the expert "did not categorically deny reading or reviewing the documents." <u>Id.</u> Here, in contrast, Plumpe affirmatively stated, "with certainty," that he "did not read the redacted or unredacted versions" of the documents at issue. Plumpe Decl. ¶ 3 [Doc. No. 167-1].

Second, in <u>Trustees of Bos. Univ.</u>, the attorney-work product documents contained testing results, leading the court to find it unlikely that counsel would send testing results to an expert without intending for her to review them. 2015 WL 13679784, at *4. Here the documents

---

[4] In Vegadelphia's other cases, there was no dispute as to whether the testifying expert considered or relied on the materials at issue. <u>See, e.g.</u>, <u>Suskind v. Home Depot Corp.</u>, 2001 WL 92183, at *1 (D. Mass. Jan. 2, 2001) (addressing "materials furnished to a testifying expert, including those composed by the attorney who retained the expert, which the expert received and read in connection with the instant case"); <u>Duane</u>, 2019 WL 943538, at *5 ("there is no doubt that Todd based his expert report in part on communications with [counsel]").

were attorney-client privileged communications that this court finds were inadvertently provided to the expert.

The court finds here that Plumpe did not review the documents, much less "consider" them, so as to trigger the disclosure requirements of Rule 26.[5]

### C.    Substantial Need and Undue Hardship

Vegadelphia argues in the alternative that, "even had it not been read or reviewed, production would still be mandated under the [] 'undue hardship' exception of Rule 26(b)(3)(A)." Pl.'s Mem. at 11 [Doc. No. 166]. Under that provision of Rule 26, "documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative," which are otherwise undiscoverable, may be discovered if "the party shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means." Fed. R. Civ. P. 26(b)(3)(A)(ii).

The substantial-need exception applies on its face to documents protected under the work product doctrine. See United States v. Textron Inc. & Subsidiaries, 577 F.3d 21, 27 (1st Cir. 2009) ("When in 1970 the Supreme Court through the rule-making process codified the work product privilege in Rule 26(b)(3), it described the privilege as extending to documents and other tangible things that 'are prepared in anticipation of litigation or for trial.'").

---

[5] Vegadelphia contends that "ambiguities regarding an expert's review of a document are resolved in favor of discovery." Pl.'s Mem. at 9–10 [Doc. No. 166]. But one of the two cases they cite for this proposition concerned the "ambiguity as to the role played by the expert" when that expert served both as a consulting and testifying expert. Traverse v. Gutierrez Co., 2020 WL 9602037, at *5 (D. Mass. Apr. 10, 2020). And the other noted, as in Trustees of Bos. Univ., that "there is not an assertion from [the expert] that he did not consider his score sheets and notes in forming his rebuttal opinions." In re Davol, Inc./C.R. Bard, Inc., Polypropylene Hernia Mesh Prods. Liab. Litig., 2021 WL 2280657, at *3 (S.D. Ohio June 4, 2021). Thus, neither is applicable.

The only case Vegadelphia cites concerning this exception has no application here because it involved documents whose privilege was waived by being placed at issue in the case. Micron Separations, Inc. v. Pall Corp., 159 F.R.D. 361, 362 (D. Mass. 1995) (considering whether plaintiff, "having raised the defense of reliance on an opinion of counsel to a charge of wilful infringement, must produce documents which otherwise would be protected by . . . Rule 26(b)(3)"). The court finds Vegadelphia has not shown a substantial need for the documents where they do not constitute facts and data considered by the expert. Moreover, Vegadelphia's request for material to use as "admission[s] by Beyond's own counsel," Pl.'s Mem. at 13 [Doc. No. 166], ignores this court's obligation, in the event it orders discovery of work product materials, to "protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of a party's attorney or other representative concerning the litigation[,]" Fed. R. Civ. P. 26(b)(3)(B).

## II.    Conclusion

For the foregoing reasons, Vegadelphia's Motion to Compel [Doc. No. 164] is DENIED. Beyond is directed, however, to serve within 14 days of entry of this order an amended Expert Report that corrects the "List of Documents Considered" to reflect those documents actually considered by Plumpe, rather than a computer-generated list of documents contained in a particular file.

IT IS SO ORDERED.

May 23, 2025                                /s/ Indira Talwani
                                            United States District Judge