THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
BOSTON DIVISION

| | |
|---|---|
| SONATE CORPORATION, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 1:23-cv-10690-IT |
| v. ) | |
| ) | |
| BEYOND MEAT, INC. ) | |
| ) | |
| Defendant. ) | |
| ) | |
| ) | |
| ) | |

**MEMORANDUM IN SUPPORT OF
NON-PARTY BETH TURENNE'S MOTION TO QUASH TRIAL SUBPOENAS**

Non-Party Beth Turenne[1], pursuant to Federal Rule of Civil Procedure 45(d)(3)(A)(iv), respectfully submits this Memorandum in Support of her Motion to Quash subpoenas issued by Plaintiff Sonate Corporation ("Sonate") and Defendant Beyond Meat, Inc. ("Beyond") ordering Ms. Turenne to appear and testify at trial in a Civil Action on November 10 and 13, 2025 (the "Turenne Trial Subpoenas"). Because requiring Ms. Turenne to appear at trial will negatively impact her newly gained employment and would require her to travel over four hours round trip, the Turenne Trial Subpoenas subject Ms. Turenne to an undue burden that is not outweighed by the minimal value her live testimony would provide beyond the full day of deposition testimony she already provided in this action. Ms. Turenne therefore requests this Court grant the Motion to Quash.

---

[1] The undersigned represents Beth Turenne in her individual capacity. They also continue to represent Dunkin' Brands Group, Inc. and Dunkin' Brands, Inc. (collectively, "Dunkin'"). As this Court is aware, Dunkin' is no longer a party to this action after Sonate and Dunkin' resolved the issues between them pursuant to a confidential settlement agreement. (Dkt. 159). Dunkin' was dismissed from this action, and all claims dismissed with prejudice, on November 20, 2024. (*Id.*)

1

A.     **STATEMENT OF FACTS**

From May 2019 until June 2025, Ms. Turenne was employed by Dunkin', initially as the Director of Foods Brand Integrated Marketing and finally as Vice President, Brand Marketing Category Management. (Declaration of B. Turenne ("Turenne Decl."), Dkt. 346 ¶ 2.) On March 5, 2024, while still employed by Dunkin', Ms. Turenne gave a videotaped deposition with seven hours of record testimony over the course of nearly ten hours regarding the marketing and advertising campaign for the Dunkin' Beyond sausage breakfast sandwich product at issue in this lawsuit. (*Id.* ¶¶ 2-3.) During that deposition, counsel for Beyond affirmatively declined to ask Ms. Turenne any questions. (*Id.* ¶ 3.)

On June 27, 2025, Ms. Turenne resigned from employment with Dunkin'. (*Id.* ¶ 6.) Ms. Turenne is now employed by an unrelated third-party with whom she began employment at the end of September (*Id.*) On October 13, 2025, Ms. Turenne was served with a subpoena for her trial testimony in this action by Sonate Corporation ("Sonate"). (*Id.* ¶ 7.) The Sonate subpoena requests her appearance beginning on November 13, 2025. (*Id.*; Dkt. 346-1 (Ex. 1 to Turenne Decl.).) On October 24, 2025, Ms. Turenne was also served with a subpoena for her trial testimony by Beyond, requesting her appearance beginning on November 10, 2025. (Turenne Decl., Dkt. 346 ¶ 8; Dkt. 346-2.)

Ms. Turenne lives in Westport, Massachusetts, more than 60 miles from this Court, which (with weekday traffic) would require a commute of two hours each way to attend trial. (Turenne Decl. Dkt. 346 ¶ 12.) Ms. Turenne is unable to take any paid time off to attend trial due to the recency of her new employment. (*Id.* ¶ 10.) Ms. Turenne is also scheduled to attend a critical business trip during the pendency of trial. (*Id.* ¶ 11). Her failure to attend could negatively impact her standing at her current employer. (*Id.*)

B.  **STANDARD OF REVIEW**

Federal Rule of Civil Procedure 45(d)(1) instructs that "[a] party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to a subpoena." Fed. R. Civ. P. 45(d)(1). As such, a district court "must quash or modify a subpoena that . . . subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A)(iv). In examining a motion to quash for undue burden, courts undertake a balancing assessment, weighing the need of the party issuing the subpoena against "*any undue hardships created by permitting it.*" *See Green v. Cosby*, 152 F. Supp. 3d 31, 36 (D. Mass. 2015) (emphasis added). This inquiry entails "issues such as relevance, the requesting party's need, the breadth of the request, and the burden imposed." *Id.* "[T]his process of weighing a subpoena's benefits and burdens calls upon the trial court to consider whether the information is necessary and whether it is available from any other source," which is "obviously . . . a highly case specific inquiry and entails an exercise of judicial discretion." *See, e.g.*, 9A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2463.1, at 501-06 (3d ed. 2008).

C.  **ARGUMENT**

Requiring Ms. Turenne to appear at trial would subject Ms. Turenne to undue burden that outweighs the minimal value of her live testimony. Ms. Turenne is not a party to this litigation, and the courts' concern for undue burden is heightened where the individual subject to the subpoena is a non-party, a fact that is "entitled to special weight in evaluating the balance of competing needs." *See Cusumano v. Microsoft Corp.*, 162 F.3d 708, 717 (1st Cir. 1998) (emphasizing this concern in the context of a motion to quash a subpoena duces tecum); *Solamere Capital v. DiManno*, 621 F. Supp. 3d 152, 158, 162 (D. Mass. 2022) (granting motion to quash deposition subpoena, citing non-party status among other reasons); *Viscito v. Nat'l Planning*

*Corp.*, 2020 U.S. Dist. LEXIS 131235, at *15 (D. Mass. July 24, 2020) (in quashing a subpoena duces tecum, observing that the need to protect non-parties "carries particular weight when the individual to whom the subpoena is directed has no remaining professional affiliation with the business involved in the lawsuit").

Attending trial to testify would be overly burdensome for Ms. Turenne due to a combination of personal and professional circumstances. On September 30, 2025, Ms. Turenne began employment at a different company. (Turenne Decl., Dkt. 346 ¶ 6.) As a recent hire, she has not worked at her new company for long enough to have earned paid time off. (*Id.* ¶ 10.) Ms. Turenne is also scheduled to be on an out-of-state business trip during the week of November 10, 2025. (*Id.* ¶ 11.) The trip is a time-sensitive and strategic outing related to her new company's expansion plans. (*Id.*) Failure to attend this trip could negatively impact her standing with her new employer. (*Id.*) Even without this scheduling conflict, Ms. Turenne's commute to downtown Boston will take more than two hours to and from her residence 63 miles away in Westport, Massachusetts due to weekday traffic. (*Id.* ¶ 12.) The Turenne Trial Subpoenas therefore subject Ms. Turenne to an undue burden that is not outweighed by the probative value of her testimony.

Ms. Turenne's trial testimony is of little probative or evidentiary value that is not equally provided by the full day of deposition testimony Ms. Turenne has already provided in this action as Dunkin's 30(b)(6) deponent. The cumulative nature of her trial testimony provides sufficient grounds to quash the Turenne Trial Subpoenas. *See Nautimill S.A. v. Legacy Marine Transp.*, LLC, 2016 U.S. Dist. LEXIS 93022, at *2 (E.D. La. July 18, 2016) (granting motion to quash trial subpoena where "the information sought . . . is available from other sources" and the trial testimony would be "unnecessarily cumulative"); *Amazon.com, Inc. v. Comm'r*, 108 T.C.M. (CCH) 588, at *10-12 (2014) (granting motion to quash trial subpoena because all topics that would have been

4

covered in subpoenaed individual's testimony had already been addressed in depth by other fact witnesses); *United States ex rel. Jamison v. McKesson*, 2012 U.S. Dist. LEXIS 200246, at *7 (N.D. Miss. Feb. 14, 2012) (granting motion to quash a trial subpoena for an individual who lived more than 100 miles from the courthouse because there was no "substantial need" in light of his earlier deposition in the case).

Although the First Circuit has not opined directly on the propriety of quashing a trial subpoena where the testimony is cumulative of an earlier deposition, courts in this Circuit have been willing to quash deposition subpoenas where the subpoenaed individual's testimony would be duplicative. *See Ameristar Jet Charter, Inc. v. Signal Composites, Inc.*, 244 F.3d 189, 192 (1st Cir. 2001) (holding the trial court properly quashed four deposition subpoenas because the subject of one of the subpoenas had previously been deposed and the other three subpoenas were "duplicative and cumulative" of other evidence); *Solamere Capital*, 621 F. Supp. 3d at 160-61 (relying on similar reasoning when assessing a motion to quash a subpoena duces tecum, observing that "the subpoena's deposition topics [were] unreasonably cumulative of what [the serving parties] already obtained during one or more depositions . . . and, to the extent not cumulative, [the serving parties] had ample opportunity to obtain the information during such depositions"). The same rationale applies in quashing a trial subpoena, where the requirement of traveling to a courthouse to give live testimony is often *more* burdensome than attending a deposition, which often occurs in the deponent's hometown or remotely.

The value of Ms. Turenne's trial testimony is also discounted by the length of time that has passed from the events in question. Any testimony by Ms. Turenne will be over a year and a half since she last provided evidence regarding the product and advertising at issue in this action. If compelled to appear at trial, Ms. Turenne would be testifying at a time when her memory of the

5

relevant events is less clear than it was in March 2024, when her deposition was taken. (Turenne Decl., Dkt. 346 ¶¶ 3, 5.) However, her deposition testimony was given when the matter was fresher in her mind. *See id.*

While courts in this Circuit have expressed some preference for live testimony in certain contexts, *see, e.g.*, *Longtin v. Organon U.S.A., Inc.*, 2017 U.S. Dist. LEXIS 230185, at *20 (D. Mass. May 16, 2017) (expressing a preference for live testimony in the context of a motion to transfer), that preference may be outweighed by countervailing interests that justify the use of alternatives to live testimony. *See id.*; *United States v. Lee*, 892 F.3d 488, 492 n.4 (1st Cir. 2018) (rejecting criminal defendant's argument that the government should have procured live testimony in lieu of out-of-court witness statements because "[a]s long as the evidence the government uses is reliable, there is no presumption or preference for live testimony subject to cross-examination rather than any other"). In the instant action, Sonate's counsel has expressed in writing that Sonate is "agreeable to finding a way to have [Ms. Turenne's deposition] in its full form presented in lieu of her testimony (with referenced exhibits)," provided that Beyond was agreeable to proceeding in this manner. (Declaration of J. Rosenberg, Dkt. 347 ¶ 4; Dkt. 347-1.)[2] Beyond's counsel chose not to ask any questions of Ms. Turenne at her 2024 deposition. (Turenne Decl., Dkt. 346 ¶ 3.) Ms. Turenne should not be subjected to an undue burden and forced to testify because Beyond chose to forego the opportunity to ask questions during her deposition. *See Solamere Capital*, 621 F. Supp. 3d at 160-61 (quashing a non-party deposition subpoena where the serving party had "ample opportunity" to obtain the information during prior deposition of that individual).

---

[2] In this e-mail correspondence, Sonate's counsel also agreed to a two-day extension of time (to Wednesday, October 29) for Ms. Turenne to file the instant Motion to Quash. This Motion is therefore timely pursuant to Federal Rule of Civil Procedure 45.

**D.     CONCLUSION**

For the reasons set forth above, Ms. Turenne respectfully requests that this Court grant the Motion to Quash the Turenne Trial Subpoenas pursuant to Fed. R. Civ. P. 45(d)(3)(A)(iv).

Dated: October 29, 2025                                                      Respectfully submitted,

/s/ *Jason D. Rosenberg*
Jason D. Rosenberg (*pro hac vice*)
Georgia Bar No. 510855
Sarah H. Parker (*pro hac vice*)
Georgia Bar No. 734610
Katie Hall (*pro hac vice*)
Georgia Bar No. 143846
ALSTON & BIRD LLP
1201 West Peachtree Street
Atlanta, Georgia 30309
Phone: (404) 881-7461
jason.rosenberg@alston.com
sarah.parker@alston.com
katie.hall@alston.com

*Counsel for Beth Turenne*

**CERTIFICATE OF SERVICE**

    I, Jason D. Rosenberg, hereby certify that I have on **October 29, 2025** served a copy of the foregoing document by filing via the Court's CM/ECF system, which will automatically serve notice of the filing on all counsel of record.

By:   */s/ Jason D. Rosenberg*
        Jason D. Rosenberg (*pro hac vice*)