# THE UNITED STATES DISTRICT COURT

# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SONATE CORPORATION, | ) |
| | ) |
| Plaintiff, | ) Civil Action No. 1:23-cv-10690-IT |
| v. | ) |
| | ) |
| DUNKIN' BRANDS GROUP, INC., DUNKIN' BRANDS, INC. and BEYOND MEAT, INC. | ) |
| Defendants. | |

## BEYOND MEAT, INC.'S OBJECTIONS TO VEGADELPHIA'S DEPOSITION DESIGNATIONS OF ERIK OBHERHOLTZER

Beyond Meat objects to the following testimony of Vegadelphia's witness Erik Obherholtzer.

## ERIK OBHERHOLTZER

**Objection No. 1:**

| |
|---|
| **Page Line and Exhibit (if applicable):**<br><br>113:13-114:20 |
| **Testimony At Issue:**<br><br>113:13 Q. So at the time the Sonate venture was<br>113:14 moving forward in good faith, what was your<br>113:15 projection for what the Sonate venture would become<br>113:16 in terms of finances?<br>113:17 A. I mean, in a -- in a document that we put<br>113:18 together, just an early questionnaire we put the<br>113:19 potential of this business in valuation if we got it<br>113:20 all right at a hundred million.<br>113:21 Q. And you said we, who does we include?<br>113:22 A. That was me and Seth and then Paul when<br>113:23 he sort of joined in the conversation, felt pretty<br>113:24 confident as well based on his -- his businesses.<br>113:25 Q. And what was that 100 million potential<br>114:01 valuation if things went right here based on?<br>114:02 A. It's based on the valuations at the time,<br>114:03 based on the belief that if we were -- were able to,<br>114:04 you know, launch a number of different plant-based<br>114:05 products that we could set this up as, you know, for<br>114:06 an acquisition which was a lot of what was happening<br>114:07 at the time.<br>114:08 Q. And did you have any sort of special<br>114:09 insight or knowledge that would give you an ability<br>114:10 to put any perspective on that proposal (inaudible)?<br>114:11 A. Well, having done it before, you know, I<br>114:12 built Tender Greens from concept to exit, a $200<br>114:13 million valuation when we -- when we did the deal.<br>114:14 And then as -- as an advisor and stakeholder in a<br>114:15 number of brands, some in the -- in the plant space,<br>114:16 that number is -- it seems big but it could be<br>114:17 considered conservative also depending on the – the<br>114:18 stage of growth. So we believed with our background<br>114:19 and the -- the timing that it could be a meaningful<br>114:20 enterprise. |
| **Beyond Meat's Objection to the testimony and corresponding exhibits:** |

| |
|---|
| FRE 403 (prejudice), 702 (improper expert opinion), 801 (hearsay) |

| |
|---|
| **Vegadelphia's Response to Beyond Meat's Objection:**<br>• No objections raised or preserved at deposition, precluding ability to correct the form of the question.<br>• *See* Fed. R. Evid. 701 advisory committee's note ("For example, most courts have permitted the owner or officer of a business to testify to the value or projected profits of the business, without the necessity of qualifying the witness as an accountant, appraiser, or similar expert. *See, e.g., Lightning Lube, Inc. v. Witco Corp.* 4 F.3d 1153 (3d Cir. 1993) (no abuse of discretion in permitting the plaintiffs owner to give lay opinion testimony as to damages, as it was based on his knowledge and participation in the day-to-day affairs of the business). Such opinion testimony is admitted not because of experience, training or specialized knowledge within the realm of an expert, but because of the particularized knowledge that the witness has by virtue of his or her position in the business. The amendment does not purport to change this analysis.") The testimony is further plainly within his personal knowledge under FRE 602 as he was personally involved in the venture.<br>• Consistent with such principal the Court ruling striking Expert Sindey Blum's opinion on lost value noted "whether Oberholtzer's testimony is reliable is a question for the jury, not Blum" (Dkt. 344 at 40.)<br>• Unclear what portion of testimony Defendant is claiming hearsay. Mr. Oberholtzer is speaking to his impressions at the time. To the extent the Question at page 113 of a deposition uses the phrase "you said" to refer to earlier testimony, such is not hearsay. |
| **Court's Ruling:**<br><br>Sustain: _____     Overrule: _____ |

**Objection No. 2:**

| |
|---|
| **Page Line and Exhibit (if applicable):**<br><br>116:7-15 |
| **Testimony At Issue:**<br><br>116:07 Q. You said that both you, Sonate and Paul<br>116:08 were all part of that discussion putting the ultimate<br>116:09 valuation within three to five years at $100 million<br>116:10 for the Sonate venture, correct? |

3

| |
|---|
| 116:11 A. Yes.<br>116:12 Q. And was there any sort of objection or<br>116:13 waving -- ringing of the hands about that being an<br>116:14 unrealistic type of projection?<br>116:15 A. No. |
| **Beyond Meat's Objection to the testimony and corresponding exhibits:**<br><br>FRE 403 (prejudice), 611 (improper leading), 702 (improper expert opinion), 801 (hearsay) |
| **Vegadelphia's Response to Beyond Meat's Objection:**<ul><li>No objections raised or preserved at deposition, precluding ability to correct the form of the question.</li><li>*See* Fed. R. Evid. 701 advisory committee's note ("For example, most courts have permitted the owner or officer of a business to testify to the value or projected profits of the business, without the necessity of qualifying the witness as an accountant, appraiser, or similar expert. *See, e.g., Lightning Lube, Inc. v. Witco Corp.* 4 F.3d 1153 (3d Cir. 1993) (no abuse of discretion in permitting the plaintiffs owner to give lay opinion testimony as to damages, as it was based on his knowledge and participation in the day-to-day affairs of the business). Such opinion testimony is admitted not because of experience, training or specialized knowledge within the realm of an expert, but because of the particularized knowledge that the witness has by virtue of his or her position in the business. The amendment does not purport to change this analysis.") The testimony is further plainly within his personal knowledge under FRE 602 as he was personally involved in the venture.</li><li>Consistent with such principal the Court ruling striking Expert Sindey Blum's opinion on lost value noted "whether Oberholtzer's testimony is reliable is a question for the jury, not Blum" (Dkt. 344 at 40.)</li><li>Unclear what portion of testimony Defendant is claiming hearsay. Mr. Oberholtzer is speaking to his impressions at the time. To the extent the Question at page 113 of a deposition uses the phrase "you said" to refer to earlier testimony, such is not hearsay.</li><li></li></ul> |
| **Court's Ruling:**<br><br>Sustain: _____       Overrule: _____ |

**Objection No. 3:**

| |
|---|
| **Page Line and Exhibit (if applicable):** |

| |
|---|
| **116:23-117:20** |
| **Testimony At Issue:**<br><br>116:23 Q. And did you consider other companies in<br>116:24 the plant-based space and their valuations around<br>116:25 that time in sort of reaching that collective<br>117:01 confirmation of the hundred million?<br>117:02 A. Yes. Yes.<br>117:04 Are there examples of valuations in<br>117:05 companies around that time that factored into your<br>117:06 assessment that a hundred million dollar valuation<br>117:07 was readily achievable in three to five years for the<br>117:08 Sonate venture?<br>117:09 A. Sure. In my own company, Tender Greens,<br>117:10 certainly Paul's companies and then specifically to<br>117:11 plant-based, you know, the success of Beyond, the<br>117:12 success of Impossible, the emergence of brands like<br>117:13 Tindle I think out of Singapore or Israel, I can't<br>117:14 remember where they come from, and others that<br>117:15 were -- you know, that were really grabbing the big<br>117:16 valuations before the product even hit the market.<br>117:17 So there was just a lot of activity<br>117:18 and -- and we believed we were -- you know, we<br>117:19 actually had somewhat of a head start in the niche --<br>117:20 niche market. |
| **Beyond Meat's Objection to the testimony and corresponding exhibits:**<br><br>FRE 403 (prejudice), 602 (lack of personal knowledge), 702 (improper expert opinion), 801 (hearsay), 901 (lacks foundation) |
| **Vegadelphia's Response to Beyond Meat's Objection:**<br>• No objections raised or preserved at deposition, precluding ability to correct the form of the question.<br>• *See* Fed. R. Evid. 701 advisory committee's note ("For example, most courts have permitted the owner or officer of a business to testify to the value or projected profits of the business, without the necessity of qualifying the witness as an accountant, appraiser, or similar expert. *See, e.g., Lightning Lube, Inc. v. Witco Corp.* 4 F.3d 1153 (3d Cir. 1993) (no abuse of discretion in permitting the plaintiffs owner to give lay opinion testimony as to damages, as it was based on his knowledge and participation in the day-to-day affairs of the business). Such opinion testimony is admitted not because of experience, training or specialized knowledge within the realm of an expert, but because of the particularized knowledge that the witness has by virtue of his or her position in the business. The amendment does not purport to change this analysis.") |

|  |
|---|
|       The testimony is further plainly within his personal knowledge under FRE 602 as he was personally involved in the venture.<br>• Consistent with such principal the Court ruling striking Expert Sindey Blum's opinion on lost value noted "whether Oberholtzer's testimony is reliable is a question for the jury, not Blum" (Dkt. 344 at 40.)<br>• Unclear what portion of testimony Defendant is claiming hearsay. Mr. Oberholtzer is speaking to his impressions at the time. To the extent the Question at page 113 of a deposition uses the phrase "you said" to refer to earlier testimony, such is not hearsay.<br>• Unclear what is being challenged for lacking foundation. At this point there have been 116 prior pages outlining Mr. Oberholtzer's thoughts, opinions, and experiences. |
| **Court's Ruling:**<br><br>Sustain: _____     Overrule: _____ |

**Objection No. 4:**

| |
|---|
| **Page Line and Exhibit (if applicable):** |
| **Testimony At Issue:**<br><br>**120:24-121:01, 121:06-121:14**<br>120:24 Q. Why did your -- how did that concern<br>120:25 about dilution factor into your ultimate calculus in<br>121:01 pushing pies on the Sonate venture?<br>…<br>121:06 A. Again, I think personally I've<br>121:07 experienced the dilution of messaging as a first<br>121:08 mover brand and have had others come in later and<br>121:09 dilute our language and -- which can cause confusion<br>121:10 and just dilution. And had a lot of empathy think<br>121:11 for -- you know, for the Shipons in this matter both<br>121:12 as -- as a potential threat and as -- you know, as<br>121:13 something that might be coopting a legacy identity or<br>121:14 statement. |
| **Beyond Meat's Objection to the testimony and corresponding exhibits:**<br><br>FRE 403 (prejudice), 602 (lack of personal knowledge), 702 (improper expert opinion), 801 (hearsay), 901 (lacks foundation) |

6

| |
|---|
| **Vegadelphia's Response to Beyond Meat's Objection:**<br><br>• Only objections raised or preserved at deposition, were "calls for a legal conclusion" and "misstates testimony".<br>• *See* Fed. R. Evid. 701 advisory committee's note ("For example, most courts have permitted the owner or officer of a business to testify to the value or projected profits of the business, without the necessity of qualifying the witness as an accountant, appraiser, or similar expert. *See, e.g., Lightning Lube, Inc. v. Witco Corp.* 4 F.3d 1153 (3d Cir. 1993) (no abuse of discretion in permitting the plaintiffs owner to give lay opinion testimony as to damages, as it was based on his knowledge and participation in the day-to-day affairs of the business). Such opinion testimony is admitted not because of experience, training or specialized knowledge within the realm of an expert, but because of the particularized knowledge that the witness has by virtue of his or her position in the business. The amendment does not purport to change this analysis.") The testimony is further plainly within his personal knowledge under FRE 602 as he was personally involved in the venture.<br>• Consistent with such principal the Court ruling striking Expert Sindey Blum's opinion on lost value noted "whether Oberholtzer's testimony is reliable is a question for the jury, not Blum" (Dkt. 344 at 40.)<br>• Unclear what portion of testimony Defendant is claiming hearsay. Mr. Oberholtzer is speaking to his impressions at the time.<br>• Deponent states answer is from "I think I've personally experienced"<br>• Unclear what is being challenged for lacking foundation. At this point there have been 119 prior pages outlining Mr. Oberholtzer's thoughts, opinions, and experiences.<br>• |
| **Court's Ruling:**<br><br>Sustain: _____    Overrule: _____ |

**Objection No. 5:**

| |
|---|
| **Page Line and Exhibit (if applicable):**<br><br>125:3-12 |
| **Testimony At Issue:**<br><br>125:03 Q. You mentioned that there were<br>125:04 approximately three dozen companies that you<br>125:05 consulted for in the last few years since I think it<br>125:06 was sometime in 2020; is that correct?<br>125:07 A. Yes.<br>125:08 Q. Now, how many valuations have you had or<br>125:09 pitched at or presentations that included some sort<br>125:10 of value ascribed to the company have you had the<br>125:11 opportunity to observe during that time?<br>125:12 A. Probably half of those. |
| **Beyond Meat's Objection to the testimony and corresponding exhibits:**<br><br>FRE 402 (relevance) 403 (prejudice), 611 (improper leading), 702 (improper expert opinion), 801 (hearsay), |
| **Vegadelphia's Response to Beyond Meat's Objection:**<br>• No objections raised or preserved at deposition, precluding ability to correct the form of the question.<br>• *See* Fed. R. Evid. 701 advisory committee's note ("For example, most courts have permitted the owner or officer of a business to testify to the value or projected profits of the business, without the necessity of qualifying the witness as an accountant, appraiser, or similar expert. *See, e.g., Lightning Lube, Inc. v. Witco Corp.* 4 F.3d 1153 (3d Cir. 1993) (no abuse of discretion in permitting the plaintiffs owner to give lay opinion testimony as to damages, as it was based on his knowledge and participation in the day-to-day affairs of the business). Such opinion testimony is admitted not because of experience, training or specialized knowledge within the realm of an expert, but because of the particularized knowledge that the witness has by virtue of his or her position in the business. The amendment does not purport to change this analysis.") The testimony is further plainly within his personal knowledge under FRE 602 as he was personally involved in the venture. |

| |
|---|
| • Consistent with such principal the Court ruling striking Expert Sindey Blum's opinion on lost value noted "whether Oberholtzer's testimony is reliable is a question for the jury, not Blum" ((Dkt. 344 at 40.)<br>• Unclear what portion of testimony Defendant is claiming hearsay. Mr. Oberholtzer is speaking to his impressions at the time. To the extent the Question at page 125 of a deposition uses the phrase "you mentioned" to refer to earlier testimony, such is not hearsay |
| **Court's Ruling:**<br><br>Sustain: _____       Overrule: _____ |

**Objection No. 6:**

| |
|---|
| **Page Line and Exhibit (if applicable):**<br><br>125:24-126:9 |
| **Testimony At Issue:**<br><br>125:24 Q. And is the hundred million value that you<br>125:25 and Paul and the Sonate's company ascribed to the<br>126:01 three to five year projected valuation of the<br>126:02 company, is that something that was consistent with<br>126:03 the marketplace data that you were aware of at the<br>126:04 time?<br>126:05 A. Yes.<br>126:06 Q. And did that marketplace data inform your<br>126:07 comfort level with that projection as being accurate?<br>126:08 A. Yes. And incentive to, you know, put<br>126:09 some time and intention into this venture. |
| **Beyond Meat's Objection to the testimony and corresponding exhibits:**<br>FRE 403 (prejudice), 602 (lack of personal knowledge), 702 (improper expert opinion), 801 (hearsay), 901 (lacks foundation) |
| **Vegadelphia's Response to Beyond Meat's Objection:**<br><br>• No objections raised or preserved at deposition, precluding ability to correct the form of the question. |

9

- *See* Fed. R. Evid. 701 advisory committee's note ("For example, most courts have permitted the owner or officer of a business to testify to the value or projected profits of the business, without the necessity of qualifying the witness as an accountant, appraiser, or similar expert. *See, e.g., Lightning Lube, Inc. v. Witco Corp.* 4 F.3d 1153 (3d Cir. 1993) (no abuse of discretion in permitting the plaintiffs owner to give lay opinion testimony as to damages, as it was based on his knowledge and participation in the day-to-day affairs of the business). Such opinion testimony is admitted not because of experience, training or specialized knowledge within the realm of an expert, but because of the particularized knowledge that the witness has by virtue of his or her position in the business. The amendment does not purport to change this analysis.") The testimony is further plainly within his personal knowledge under FRE 602 as he was personally involved in the venture.
- Consistent with such principal the Court ruling striking Expert Sindey Blum's opinion on lost value noted "whether Oberholtzer's testimony is reliable is a question for the jury, not Blum" (Dkt. 344 at 40.)
- Unclear what portion of testimony Defendant is claiming hearsay. Mr. Oberholtzer is speaking to his impressions at the time. To the extent the Question at page 125 of a deposition uses the phrase "you mentioned" to refer to earlier testimony, such is not hearsay

**Court's Ruling:**

Sustain: _____     Overrule: _____

Dated: November 15, 2025	Respectfully Submitted,

BUCHALTER
A Professional Corporation


By: */s/Willmore F. Holbrow*_____

WILLMORE F. HOLBROW III *(Pro Hac Vice)*
BUCHALTER
A Professional Corporation

1000 Wilshire Boulevard, Suite 1500
Los Angeles, CA  90017-1730
Telephone: 213.891.0700
Fax: 213.896.0400

Email:  wholbrow@buchalter.com
*Attorneys for Defendant Beyond Meat, Inc.*