UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| SONATE CORPORATION d/b/a VEGADELPHIA FOODS, Plaintiff, | * * * * | |
| v. | * * | Civil Action No. 1:23-cv-10690-IT |
| BEYOND MEAT, INC., Defendant. | * * * * | |

## SPECIAL VERDICT FORM

**We, the jury, unanimously find as follows:**

## LIABILITY

### QUESTION 1: "PLANT BASED GREAT TASTE"

***QUESTION 1A***: Did Vegadelphia prove, by a preponderance of the evidence, that Beyond Meat's use of "PLANT BASED GREAT TASTE" infringed on Vegadelphia's "WHERE GREAT TASTE IS PLANT BASED" trademark in violation of the Lanham Act?

YES ✓         NO ____

If you answered **YES**, please proceed to ***QUESTION 1B***. If you answered **NO**, please proceed to ***QUESTION 1C***.

***QUESTION 1B***: Did Beyond Meat prove, by a preponderance of the evidence, that its use of "PLANT BASED GREAT TASTE" constituted a fair use?

YES ____         NO ✓

Please proceed to ***QUESTION 1C***.

*QUESTION 1C*: If you answered **YES** to *QUESTION 1A* <u>and</u> **NO** to *QUESTION 1B*, you have found Beyond Meat liable for infringement for its use of "PLANT BASED GREAT TASTE." If you answered either **NO** to *QUESTION 1A* <u>or</u> **YES** to *QUESTION 1B*, you have found Beyond Meat not liable for infringement for its use of "PLANT BASED GREAT TASTE."

Is Beyond Meat liable to Vegadelphia for its use of "PLANT BASED GREAT TASTE"?

        YES ✓        NO ____

Please proceed to **QUESTION 2**.

**QUESTION 2: "GREAT TASTE PLANT BASED"**

*QUESTION 2A*: Did Vegadelphia prove, by a preponderance of the evidence, that the use of "GREAT TASTE PLANT BASED" by Beyond Meat and/or Dunkin' infringed on Vegadelphia's "WHERE GREAT TASTE IS PLANT BASED" trademark?

        YES ✓        NO ____

If you answered YES, please proceed to *QUESTION 2B*. If you answered NO, please proceed to *QUESTION 3*.

*QUESTION 2B*: Did Beyond Meat prove, by a preponderance of the evidence, that its use of "GREAT TASTE PLANT BASED" constituted a fair use?

        YES ____        NO ✓

Please proceed to *QUESTION 2C*.

*QUESTION 2C*: If you answered **YES** to *QUESTION 2A* and **NO** to *QUESTION 2B*, you have found Beyond Meat liable for infringement for its use of "GREAT TASTE PLANT BASED." If you answered either **NO to *QUESTION* 2A or YES to *QUESTION* 2B**, you have found Beyond Meat not liable for infringement for its use of "GREAT BASED PLANT BASED."

Is Beyond Meat liable to Vegadelphia under the Lanham Act for its use of "GREAT TASTE PLANT BASED"?

YES ✓   NO _____

If you answered **NO** to **both *QUESTION 1C* and *QUESTION 2C***, please proceed to the **SIGNATURE PAGE** of this form. If you answered **YES to *QUESTION 1C* or *QUESTION 2C* or both**, proceed to *QUESTIONS 3* and *4*.

## DAMAGES

## QUESTION 3: ACTUAL DAMAGES UNDER THE LANHAM ACT

What, if any, amount of money should be awarded to Vegadelphia to reasonably and fairly compensate Vegadelphia for actual damages caused by Beyond Meat's infringing on "WHERE GREAT TASTE IS PLANT BASED," in violation of the Lanham Act?

**Amount:**   $ 23.5 million

Please proceed to **QUESTION 4.**

## QUESTION 4: DISGORGEMENT UNDER THE LANHAM ACT FOR INFRINGING USE OF "PLANT BASED GREAT TASTE"

### QUESTION 4A: BEYOND MEAT'S PROFITS

If you answered **YES** to *QUESTION 1C*, what are Beyond Meat's profits that are attributable to its use of "PLANT BASED GREAT TASTE"?

**Profits from Infringement:**   $ 109 million

3

***QUESTION 4B***: Did Vegadelphia prove, by a preponderance of the evidence, that Vegadelphia's products directly compete in the marketplace with Beyond Meat's products that are marketed with "PLANT BASED GREAT TASTE"?

YES ✓ NO ___

If you answered **YES**, please proceed to ***QUESTION 4C.*** If you answered **NO**, please proceed to ***QUESTION 4D***.

***QUESTION 4C***: What, if any, amount of disgorged profits should be awarded to Vegadelphia as a rough measure to fairly compensate Vegadelphia for harm proximately caused by Beyond Meat's use of "PLANT BASED GREAT TASTE" that was not included in actual damages?

**Amount:** $ 15.4 million

Please proceed to ***QUESTION 4D***.

***QUESTION 4D: Willfulness***

Was Beyond's infringing use of "PLANT BASED GREAT TASTE" willful?

YES ✓ NO ___

Please proceed to **QUESTION 5**.

## QUESTION 5: DISGORGEMENT UNDER THE LANHAM ACT FOR INFRINGING USE OF "GREAT TASTE PLANT BASED"

***QUESTION 5A***: If you answered **YES** to ***QUESTION 2C***, what are Beyond Meat's profits that are attributable to its use with Dunkin' of "GREAT TASTE PLANT BASED"?

**Profits from Infringement:** $ 5.4 million

***QUESTION 5B:*** Did Vegadelphia prove, by a preponderance of the evidence, that Vegadelphia's products directly compete in the marketplace with Beyond Meat's and/or Dunkin's products?

YES ✓ NO ___

If you answered **YES**, proceed to ***QUESTION 5C.*** If you answered **NO**, please proceed to ***QUESTION 5D.***

4

**QUESTION 5C**: What, if any, amount of disgorged profits should be awarded to Vegadelphia with respect to Beyond Meat's infringing use of "GREAT TASTE PLANT BASED" as a rough measure to fairly compensate Vegadelphia for harm proximately caused by Beyond Meat's and Dunkin's use of "GREAT TASTE PLANT BASED" that was not included in actual damages?

**Amount:**   $ _____0_____

Please proceed to **QUESTION 5D**.

**QUESTION 5D**: Was Beyond's infringing use of "GREAT TASTE PLANT BASED" willful?

YES __✓__          NO _____

### SIGNATURE PAGE

You have reached the end of the verdict form. Please review the entire form to ensure that it is complete and that the answers accurately reflect your unanimous determinations.

I certify that the foregoing are the answers of all the jurors and that the jurors unanimously agreed to each answer.

Dated: __11/24/25__          __[signature]__
                              Foreperson of the Jury