**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

SONATE CORPORATION d/b/a/
VEGADELPHIA FOODS,
*Plaintiff,*

vs.

BEYOND MEAT, INC.,
*Defendant.*

Case No. 1:23-cv-10690-IT

**DEFENDANT BEYOND MEAT, INC.'S MEMORANDUM IN SUPPORT OF RULE 62 MOTION TO APPROVE BOND AND STAY JUDGMENT**

Pursuant to Federal Rule of Civil Procedure 62(b) and Local Rule 62.2, Defendant Beyond Meat, Inc. ("Beyond") moves this Court for an order approving the supersedeas bond it has obtained, attached hereto as Exhibit A, and staying execution of the Court's September 18, 2026 judgment (Doc No. 456).

The judgment in this case is currently stayed until October 19, 2026 under Federal Rule of Civil Procedure 62(a)'s automatic stay provision. *See* Fed. R. Civ. P. 62(a). Beyond intends to move under Federal Rules of Civil Procedure 52 and 59 to amend the judgment or alternatively for a new trial. Beyond therefore requests that the Court accept its supersedeas bond to further stay execution of the judgment.

Rule 62(b) provides that "a party may obtain a stay by providing a bond or other security" at "any time after judgment is entered." Fed. R. Civ. P. 62(b). "[A] party is entitled to a stay of the judgment as a matter of right upon posting a bond or security." *Emigrant Mortg. Co., Inc. v. Bourke*, 2024 WL 4028291, at *1 (D. Mass. Sept. 3, 2024) (alteration in original) (citation omitted); *see Cognitive Edge PTE Ltd. v. Code Genesys, LLC*, 2021 WL 4477434, at *5 (D. Mass.

Sept. 30, 2021) (Talwani, J.) (noting that "Defendants would be entitled to a stay as a matter of right upon posting a supersedeas bond"); *see also, e.g.*, *Russell v. Walmart Inc.*, 2024 WL 2107384, at *1 (C.D. Cal. Mar. 21, 2024) (similar).

Beyond has obtained a supersedeas bond in the amount of $16,981,750. The bond amount represents the Court's judgment of $15,437,500 entered in the September 18, 2026 order, plus ten percent of that amount, plus $500, in accordance with Local Rule 62.2. *See id.* (providing that a "bond … staying execution of a money judgment shall be in the amount of the judgment plus 10% … plus $500"). The bond is issued by Atlantic Specialty Insurance Company.

Accordingly, Beyond respectfully requests that the Court approve the bond and stay execution of the September 18, 2026 judgment pursuant to Rule 62(b).[1]

[1] To the extent that the Court requests any modification of the proposed bond, Beyond respectfully requests that the Court issue an order temporarily staying execution to allow Beyond to comply with any required modifications.

Dated: October 14, 2026

Respectfully Submitted,

By: /s/ *Andrew T. O'Connor*
Andrew T. O'Connor (BBO # 664811)
Kiman Kaur (BBO # 709943)
GOULSTON & STORRS PC
400 Atlantic Avenue
Boston, MA 02110
Telephone: (617) 482-1776
Facsimile: (617) 574-4112
E-mails: aoconnor@goulstonstorrs.com
kkaur@goulstonstorrs.com

Laura R. Washington (*Pro Hac Vice*)
Latham & Watkins LLP
10250 Constellation Blvd., Suite 1100
Los Angeles, California 90067
Telephone: 424.653.5500
Facsimile: 424.653.5501
E-mail: laura.washington@lw.com

Melanie J. Grindle (*Pro Hac Vice*)
Latham & Watkins LLP
12670 High Bluff Drive
San Diego, California 92130
Telephone: 858.523.5400
Facsimile: 858.523.5450
Email: melanie.grindle@lw.com

Michael E. Bern (*Pro Hac Vice*)
Latham & Watkins LLP
555 Eleventh Street, NW
Suite 1000
Washington, D.C. 20004-1304
Telephone: 202.637.2200
Facsimile: 202.637.2201
Email: Michael.bern@lw.com

*Attorneys for Defendant Beyond Meat, Inc.*

**LOCAL RULE 7.1 CERTIFICATION**

Pursuant to Local Rule 7.1(a)(2), I hereby certify that counsel has conferred regarding the relief requested in this motion, and counsel for Plaintiff stated that they were unable to complete review of the requested relief to provide their position. Counsel for Defendant reached out to counsel for Plaintiff concerning the relief sought in this motion on October 9, 2026 and provided a copy of the bond on October 13, 2026; pursuant to Plaintiff's request, Defendant further amended its bond on October 13, 2026. However, thereafter, Plaintiff indicated that it was unable to provide a position regarding this motion.

/s/*Andrew T. O'Connor*
Andrew T. O'Connor

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing document, which was filed with the Court through the CM/ECF system, will be sent electronically to all registered participants as identified on the Notice of Electronic Filing ("NEF"), and paper copies will be sent on October 14, 2026 to those identified as non-registered participants.

/s/*Andrew T. O'Connor*
Andrew T. O'Connor